**Signed: April 01, 2008**

_____
**EDWARD D. JELLEN**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 07-42354 EDJ

NESTOR CASTILLO CAYANAN and              Chapter 7
EMILIANA CUNANAN CAYANAN,

_____
                    Debtors./

MEMORANDUM RE: MOTION TO DISMISS

     On October 9, 2007, Sara L. Kistler, Acting United States

Trustee (the "Trustee") moved to dismiss the above-captioned chapter

7 case.  The Trustee contends that granting relief to Debtors Nestor

Castillo Cayanan and Emiliana Cunanan Cayanan ("Debtors") would be

an abuse of the provisions of chapter 7, which therefore merits a

dismissal under Bankruptcy Code § 707(b)(2) (presumption of abuse

under the "means test") and § 707(b)(3) (totality of the

circumstances shows an abuse).  The court heard the matter on March

27, 2008.  Both the Trustee and Debtors appeared through counsel.

The court will deny the Trustee's motion under § 707(b)(2), but

grant the Trustee's motion under § 707(b)(3).

Memorandum

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

On July 27, 2007, Debtors filed a petition for relief under chapter 7 of the Bankruptcy Code. Along with their petition, Debtors filed a statement of financial affairs and Form 22A ("original Means Test"). On September 14, 2007, Debtors filed an amended Form 22A ("amended Means Test"). On March 20, 2008, Debtors filed a second amended Form 22A ("second amended Means Test"). On March 28, 2008, after the hearing on the Trustee's motion to dismiss, Debtors filed an amended statement of financial affairs.

The Trustee seeks to dismiss this case under § 707(b)(2), arguing that the case is presumptively abusive and Debtors have not rebutted the presumption. She bases her analysis on Debtors' amended Means Test, which shows an abuse. Debtors argue, however, that the income figures therein were in error, and that the correct figures, as set forth in the second amended Means Test, should control. Under these corrected figures, no presumption of abuse arises.

The court agrees with Debtors. The court cannot use the original Means Test, as it incorrectly stated that this is a business case. The amended Means Test correctly states that this is a consumer case, but incorrectly lists Debtors' rental income. The Trustee has not presented any evidence disputing the information in the second Means Test, and has had ample opportunity to obtain and either challenge or verify the accuracy of such information. Therefore, the Trustee's motion to dismiss under § 707(b)(2) will be denied.

///

Memorandum                    2

Case: 07-42354   Doc# 58   Filed: 04/01/08   Entered: 04/01/08 15:27:33   Page 2 of 5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

The Trustee also seeks to dismiss this case under § 707(b)(3) following a totality of the circumstances analysis. Section 707(b)(3) states in relevant part, "In considering ... whether the granting of relief would be an abuse ... the court shall consider whether ... the totality of circumstances ... of the debtor's financial situation demonstrates abuse."[1] Both parties agree that the court may look at pre-petition conduct when determining whether the case is abusive.

Debtors' pre-petition conduct indicates that they were spending recklessly and without regard to either their deteriorating financial situation or their creditors. Within two years of filing their petition, Debtors refinanced four of their five houses. Of the approximately $1,850,000 Debtors took out in loans, the Trustee argues that Debtors may have received as much as $313,000 in cash. Debtors do not deny receiving that money. Of major importance to the court in reaching its decision are the facts that (a) Debtors failed to disclose those refinances until after the hearing when they filed their amended statement of financial affairs, and (b) they have yet to account for the $313,000.

Some of the funds may have been put toward Debtors' purchase of an $85,000 Mercedes in November of 2006. The Mercedes purchase occurred just six months before the Debtors' house in Brentwood was

---

[1]The court notes that § 707(b)(3) also contains a provision dismissing a case filed in bad faith. That issue was not raised by the Trustee nor briefed by either party, so the court will not address it.

Memorandum                           3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1   sold at Trustee's sale.  By the end of June 2007, four of Debtors'

2   five houses had been foreclosed on.  The purchase of a luxury

3   vehicle when Debtors had to have known that they could not afford

4   their house payments is not the conduct of an honest but unfortunate

5   debtor, but rather someone attempting to abuse the system.[2]

6        It is true that when Debtors filed this petition under chapter

7   7, they were not eligible for chapter 13.  It is also true that

8   Debtors may not be able to propose a feasible chapter 11 plan, given

9   their current income and expenses.  Even so, the court believes that

10  the totality of the circumstances, as described herein, dictates

11  dismissal.  The court will therefore issue its order granting the

12  Trustee's motion.

13                    ** END OF DOCUMENT **

14

15

16

17

18

19

20

21

22

23

24

25

26

---

[2]This vehicle was just one of five vehicles Debtors owned at
the time they filed their petition.

Memorandum                          4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

1                COURT SERVICE LIST

2

3 Michael J. Primus
  Law Offices of Michael J. Primus
4 500 Alfred Nobel Dr. #135
  Hercules, CA 94547

5

  Margaret H. McGee
6 Office of the U.S. Trustee
  1301 Clay St. #690N
7 Oakland, CA 94612-5217

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Memorandum                         5